IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| TIFFINEY BARFIELD-COTTLEDGE, | § |
| | § |
| Plaintiff, | § |
| | § Civil Action No. 3:10-CV-2231-D |
| VS. | § |
| | § |
| UNIVERSITY OF NORTH TEXAS, | § |
| | § |
| Defendant. | § |

MEMORANDUM OPINION
AND ORDER

In the court's prior memorandum opinion and order in this case, it held that defendant University of North Texas ("UNT") was entitled to summary judgment dismissing the retaliation claim of *pro se* plaintiff Tiffiney Barfield-Cottledge ("Cottledge") under Title VII of the Civil Rights Act of 1964 ("Title VII"), 42 U.S.C. § 2000e *et seq. Barfield-Cottledge v. Univ. of N. Tex.*, 2012 WL 37533, at *6 (N.D. Tex. Jan. 9, 2012) (Fitzwater, C.J.) ("*Cottledge I*"). The court construed her claim for a violation of the Equal Protection Clause of the Fourteenth Amendment as a race discrimination claim brought under 42 U.S.C. § 1983, raised *sua sponte* that UNT is entitled to summary judgment dismissing the claim, and afforded Cottledge an opportunity to oppose summary judgment as to the claim. *Id.* at *2-4. Cottledge has responded to the court's decision in *Cottledge I*, and the court now grants summary judgment as to her remaining race discrimination claim under § 1983.

I

The background facts of this case are set out in *Cottledge I*. *Id.* at *1-2. The court will therefore recount only the additional background facts and procedural history necessary to address plaintiff's opposition response.

In March 2010 Cottledge applied for four Criminal Justice Department faculty positions at UNT.[1] Cottledge was not selected for any of the four positions for which she applied even though she met all of the requirements outlined in the job descriptions. After exhausting her administrative remedies, Cottledge sued UNT for race discrimination, in violation of the Equal Protection Clause of the Fourteenth Amendment, and retaliation, in violation of Title VII. As noted above, UNT moved for summary judgment, the court granted the motion as to Cottledge's Title VII retaliation claim, and it construed her Equal Protection Clause claim as one for race discrimination under § 1983 and raised *sua sponte* that UNT was entitled to summary judgment because Cottledge had failed to meet the requirements of *McDonnell Douglas Corp. v. Green*, 411 U.S. 792 (1973). *Cottledge I*, 2012 WL 37533, at *3-4. Because the court raised summary judgment on this basis *sua sponte*, it permitted Cottledge to file a response brief and evidence appendix addressing why summary judgment should not be granted. *Id.* at *4. Cottledge timely responded.

---

[1]In recounting the factual background, the court summarizes the evidence in the light most favorable to Cottledge as the summary judgment nonmovant and draws all reasonable inferences in her favor. *See, e.g., Owens v. Mercedes-Benz USA, LLC*, 541 F.Supp.2d 869, 870 n.1 (N.D. Tex. 2008) (Fitzwater, C.J.) (citing *U.S. Bank Nat'l Ass'n v. Safeguard Ins. Co.*, 422 F.Supp.2d 698, 701 n.2 (N.D. Tex. 2006) (Fitzwater, J.)).

II

Cottledge clarifies in her opposition brief that her race discrimination and retaliation claims are based on the failure of UNT[2] to hire her for any of the four Criminal Justice faculty positions for which she applied in 2010. She argues that she was significantly more qualified than either Gretchen Choe ("Choe") or Vadisha Worley ("Worley"), who were not members of the relevant protected class and who were hired to fill the positions for which Cottledge applied.

To create a permissible inference of discrimination on this basis, "disparities in qualifications must be of such weight and significance that no reasonable person, in the exercise of impartial judgment, could have chosen the candidate selected over the plaintiff for the job in question." *Deines v. Tex. Dep't of Protective & Regulatory Servs.*, 164 F.3d 277, 280-81 (5th Cir. 1999). In other words, she must be "clearly better qualified." *EEOC v. La. Office of Cmty. Servs.*, 47 F.3d 1438, 1444 (5th Cir. 1995) ("A fact finder can infer pretext if it finds that the employee was 'clearly better qualified' (as opposed to merely better or as qualified)."). The disparity in qualifications must be so great "that no reasonable employer would have made the same decision." *Deines*, 164 F.3d at 282. This exacting requirement, when combined with the applicable summary judgment standard, requires that

---

[2]UNT argues that it did not participate in the employment decisions for the jobs for which Cottledge applied in 2010. Cottledge has adduced evidence that UNT Dallas did not become a legally or financially independent institution until September 2010. For purposes of this motion, the court will assume *arguendo* that UNT is the entity that made the hiring decisions for the positions for which Cottledge applied.

Cottledge adduce evidence that would enable a reasonable jury to find that no reasonable person, in the exercise of impartial judgment, could have chosen Worley or Choe over her. Cottledge has not met this burden.

Cottledge has adduced evidence that she has a Ph.D. from the Prairie View A&M University College of Juvenile Justice & Psychology. Her resume shows that she has experience as an assistant professor in the Department of Criminal Justice at UNT and as an adjunct lecturer at various other Texas schools and universities, and that she has published numerous peer-reviewed and refereed articles. Like Cottledge, Worley holds a Ph.D.—hers is from Sam Houston State University, in Criminal Justice. She also holds an L.L.M. in Criminal Law from the University at Buffalo Law School and an L.L.B., a B.Ed. in English Teaching Methodology, an M.A. in English Literature, and a B.A. in English Literature and Language, all from universities in India. Worley has prior teaching experience in the area of Criminal Justice, having taught for 1½ years at Penn State Altoona. And she has published various refereed articles and two books. Although Choe, the other selected candidate, does not have a Ph.D., she does hold an M.S. in Criminal Justice from UNT and a J.D. from the University of Houston. Choe has prior teaching experience in the Criminal Justice Department at UNT, and she worked for six years as an Assistant District Attorney for various Texas counties.

Based on the summary judgment evidence, a reasonable jury could not find that Cottledge was so "clearly better qualified" that no reasonable employer would have made

the same decision, i.e., would have hired Choe or Worley over Cottledge. And even if, as Cottledge argues, Choe or Worley was "not *more* qualified to teach in any Criminal Justice program," P. Br. 6 (emphasis added), courts in this circuit have repeatedly held that this is not enough. *See, e.g., La. Office of Cmty. Servs.*, 47 F.3d at 1444.[3] The court therefore grants summary judgment dismissing Cottledge's claim for race discrimination under § 1983.

### III

Cottledge includes argument and evidence in her opposition brief and appendix that are related to her Title VII retaliation claim, as to which the court has already granted summary judgment in *Cottledge I*. The court declines to revisit the decision now.

And to the extent Cottledge's opposition should be construed as a motion for reconsideration, the court denies the motion. "[A]n unexcused failure to provide available evidence at the time of summary judgment is grounds for denying a subsequent motion for reconsideration." *Montgomery v. Wells Fargo Bank, N.A.*, 2012 WL 265952, at *3 (5th Cir. Jan. 31, 2012) (per curiam) (citing *Templet v. HydroChem Inc.*, 367 F.3d 473, 479 (5th Cir. 2004)). Here, Cottledge failed to provide an explanation regarding why the materials in her

---

[3]Cottledge also argues that UNT attempted to hire a Caucasian female named Kuwacha, who "did not have a terminal degree in Criminal Justice and was not part of the protected class." P. Br. 6. This assertion, unsupported by evidence in the summary judgment record, is insufficient to enable a reasonable trier of fact to find that Cottledge was "clearly better qualified" for the position when compared to Kuwacha. *See, e.g., Larry v. White*, 929 F.2d 206, 211 n.12 (5th Cir. 1991) ("Unsworn pleadings, memoranda, or the like are not, of course, competent summary judgment evidence.").

opposition appendix could not have been submitted before the court granted summary judgment in *Cottledge I*. Moreover, even if the court were to consider the evidence and argument addressing Cottledge's Title VII retaliation claim, her reasoning is indecipherable and does not establish that UNT retaliated against her in violation of Title VII.

* * *

For the reasons stated in *Cottledge I* and in this memorandum opinion and order, the court grants UNT's motion for summary judgment and dismisses Cottledge's lawsuit with prejudice by judgment filed today.

**SO ORDERED.**

February 28, 2012.

SIDNEY A. FITZWATER
CHIEF JUDGE