IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| TIFFINEY BARFIELD-COTTLEDGE, § § Plaintiff, § § Civil Action No. 3:10-CV-2231-D VS. § § UNIVERSITY OF NORTH TEXAS, § § Defendant. § | |

MEMORANDUM OPINION
AND ORDER

Treating plaintiff Tiffiney Barfield-Cottledge's ("Cottledge's") March 9, 2012 motion to set aside summary judgment order and for new trial as a Fed. R. Civ. P. 59(e) motion to alter or amend the judgment, the court denies the motion. The court also denies Cottledge's March 9, 2012 petition for the appointment of counsel.

I

Cottledge filed her motion on March 9, 2012. The court entered the judgment on February 28, 2012. Because Cottledge filed her motion within 28 days of the date the judgment was entered, the motion is properly considered a Rule 59(e) motion to alter or amend the judgment. *See, e.g., Patin v. Allied Signal, Inc.*, 77 F.3d 782, 785 n.1 (5th Cir. 1996) (addressing former rule in which applicable period was ten countable days); Rule 59(e) ("A motion to alter or amend a judgment must be filed no later than 28 days after the entry of the judgment.").

The motion is not properly considered a motion for "new trial" because there was no

trial. As the court has explained several times, including in *Artemis Seafood, Inc. v. Butcher's Choice, Inc.*, 1999 WL 1032798 (N.D. Tex. Nov. 10, 1999) (Fitzwater, J.):

> Although denominated as a motion for "new trial," it obviously is not such a motion. As Rule 59(a) makes clear, a motion for new trial is appropriate when the case has been tried to a jury or to the court. The court disposed of this case on motion for summary judgment. *See* [*Patin*, 77 F.3d at 785 n.1] ("The Patins' reconsideration motion was styled as a motion for new trial, pursuant to Fed. R. Civ. P. 59(a), but was correctly analyzed and decided in the district court as a Rule 59(e) motion to reconsider entry of summary judgment.").

*Id*. at *1.

II

"A motion to alter or amend the judgment under Rule 59(e) must clearly establish either a manifest error of law or fact or must present newly discovered evidence and cannot be used to raise arguments which could, and should, have been made before the judgment issued." *Schiller v. Physicians Resource Grp. Inc.*, 342 F.3d 563, 567 (5th Cir. 2003) (internal quotation marks and citations omitted). Such motions "are not the proper vehicle for rehashing old arguments or advancing theories of the case that could have been presented earlier." *AMS Staff Leasing, NA, Ltd. v. Associated Contract Truckmen, Inc.*, 2005 WL 3148284, at *3 (N.D. Tex. Nov. 21, 2005) (Fitzwater, J.) (internal quotation marks and citations omitted). "[A]n unexcused failure to provide available evidence at the time of summary judgment is grounds for denying a subsequent motion for reconsideration." *Montgomery v. Wells Fargo Bank, N.A.*, 2012 WL 265952, at *3 (5th Cir. Jan. 31, 2012) (per

curiam) (citing *Templet v. HydroChem Inc.*, 367 F.3d 473, 479 (5th Cir. 2004)), *aff'g Montgomery v. Wells Fargo Bank, N.A.*, 2011 WL 1870279 (N.D. Tex. May 16, 2011) (Fitzwater, C.J.).

As far as the court can tell, Cottledge's motion does nothing more than state generalized legal conclusions and rehash arguments that have already been made. In doing so, she has not met her burden of establishing that the court made a manifest error of law or fact when it granted summary judgment in *Barfield-Cottledge v. University of North Texas*, 2012 WL 37533, at *6 (N.D. Tex. Jan. 9, 2012) (Fitzwater, C.J.), and *Barfield-Cottledge v. University of North Texas*, 2012 WL 639281 (N.D. Tex. Feb. 28, 2012) (Fitzwater, C.J.) ("*Cottledge II*"). To the extent Cottledge relies on new evidence—including that, in the field of Criminal Justice, "the qualifications surrounding teaching is not the J.D. degree rather than the Ph.D. degree which the Plaintiff holds as well as substantially more teaching, research and work experience when compared to Choe," P. Mot. 2—Cottledge has failed to provide an adequate explanation for why these arguments or evidence could not have been submitted before the court granted summary judgment in *Cottledge II*. Cottledge's Rule 59(e) motion is therefore denied.

III

Cottledge also filed on March 9, 2012 a petition for the appointment of counsel. First, she has failed to demonstrate good cause for waiting to file this petition until after the court granted summary judgment. Second, she has not shown why the court should vary from

Judge Toliver's November 8, 2010 order denying Cottledge's previously-filed motion for appointment of counsel. Accordingly, the court denies Cottledge's petition for the appointment of counsel.

\* \* \*

Treating Cottledge's March 9, 2012 motion to set aside summary judgment order and for new trial as a Rule 59(e) motion to alter or amend the judgment, the motion is denied. Cottledge's March 9, 2012 petition for the appointment of counsel is also denied.

**SO ORDERED**.

March 26, 2012.

_____
SIDNEY A. FITZWATER
CHIEF JUDGE